IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD A. HERNIGLE, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:08-CV-2085-B (BH) |
| | ) | ECF |
| ALON CORP, et al., | ) | Referred to U.S. Magistrate Judge |
| Defendants. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

On November 21, 2008, plaintiff filed this civil action against Alon Corp. (a.k.a. Fina Gas) and Southwest Convenience Stores (a.k.a. Seven Eleven Inc.) over an incident at a Seven Eleven store in El Paso, Texas. (Compl. at 1.) Specifically, he alleges that an employee called him a profane name and threw "two bags of donuts and a honey bun" at him after he declined to donate money for another employee's birthday. (*Id.* at 1-2.) He contends that this Court may exercise jurisdiction over this action based on diversity of citizenship; defendants are from Texas and he is a citizen of Illinois. (*Id.* at 1.) Plaintiff seeks $100,000 in compensatory damages and $1,000,000 in punitive damages.

In an effort to flesh out the jurisdictional basis for this action, the Court mailed plaintiff a Magistrate Judge's Questionnaire (MJQ).[1] In his answers to the MJQ, plaintiff explains that he is

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

an Illinois resident who is visiting family in Texas. (*See* Answers to Questions 1 and 10.) With respect to the claimed compensatory damages, plaintiff states:

> I have 8 stents – I'm very old – and should be compensated for emotional distress. A small sum for a large gas & oil company who 3 months ago sold gas at $5.00 a gallon irrespective of persons ability to pay and needs! What's good for the goose is good for the gander. I further state that I was racially assaulted by being called a "cheap bastard" while wareing [sic] my <u>Jewish</u> <u>yamaka</u>! Racially motivated!!!

(Answer to Question 11.) Plaintiff merely directs the Court to his complaint for the claimed punitive damages. (*See* Answer to Question 12.)

The Court has granted plaintiff permission to proceed *in forma pauperis* in this action. No process has been issued in this case.

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Courts have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). Fed. R. Civ. P. 12(h)(3) requires that a federal court dismiss an action if it determines that it lacks jurisdiction over the subject matter.

In this instance, plaintiff asserts jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction is proper, however, only when complete diversity exists between the parties and "the matter in con-

2

troversy exceeds the sum or value of $75,000, exclusive of interest and costs." Based upon the complaint and plaintiff's answers to the MJQ, it appears that complete diversity exists. On the other hand, although plaintiff alleges damages in excess of the jurisdictional amount required for diversity jurisdiction, the claimed damages appear disproportionate to the allegations giving rise to this action.

The Court may look beyond plaintiff's allegations when "it appears or is in some way shown that the amount stated in the complaint is not claimed in 'good faith.'" *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). In fact, the Court "would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Diefenthal v. C.A.B.*, 681 F.2d 1039, 1052 (5th Cir. 1982). Dismissal of an alleged diversity action for lack of jurisdiction is proper when it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Horton*, 367 U.S. at 353 (quoting *St. Paul Mercury Indem. Co.*, 303 U.S. at 289). Of course, when determining the amount in controversy, the courts may apply common sense to the allegations. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).

In this case, it appears to a legal certainty that plaintiff's claim is for far less than the $75,000 jurisdictional amount. Although the incident may have made plaintiff "very upset" (*see* Answer to Question 10) and he allegedly "suffered pain and suffering, humiliation, debasement, and Emotional distress" (*see* Compl. at 2), nothing in the complaint or his answers to the MJQ provide any good faith basis for a recovery at or above the jurisdictional amount. Plaintiff complains in part of rude and discourteous conduct. This is legally insufficient to justify a damage claim of the existing jurisdictional amount of $75,000. *See Diefenthal*, 681 F.2d at 1052-53 (brusque refusal by flight attendant to seat passenger in particular section of plane will not justify damage claim of $10,000);

*Christensen v. Northwest Airlines, Inc.*, 633 F.2d 529, 530-31 (9th Cir. 1980) ("rude and discourteous conduct" insufficient to support damages in excess of $10,000). Throwing baked goods at Plaintiff goes beyond mere rudeness but is still legally insufficient to justify damages in excess of $75,000. Suits of this nature are "precisely the kind of 'petty controversy' that Congress intended the jurisdictional amount to exclude from federal jurisdiction." *See Diefenthal*, 681 F.2d at 1053. "When litigants improperly invoke the aid of a federal court to redress what is patently a trifling claim, the district court should not attempt to ascertain who was right or who was wrong in provoking the quarrel but should dispatch the matter quickly." *Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. 1981).

As the party seeking to invoke this Court's jurisdiction, plaintiff has the burden to show that diversity jurisdiction exists. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). Once the Court put plaintiff on notice that a concern existed as to the amount of damages claimed, (*see* Questions 11 and 12), plaintiff was obliged to show a good faith basis for the amount of damages claimed, *see Diefenthal*, 681 F.2d at 1053. Because plaintiff has failed to do so, the Court may properly dismiss his claims for lack of subject-matter jurisdiction.[2] *See id.*

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** this action for lack of subject-matter jurisdiction. Because such dismissal is without prejudice, plaintiff will still be able to file a proper civil action in state or county court if he has a legal basis to sue defendants.

---

[2] In response to the Court's concern about the jurisdictional amount, plaintiff proclaims that his Jewish race motivated the employee's profanity. (*See* Answer to Question 11.) Ths contention is insufficient to assert federal question jurisdiction in the context of his claims.

**SIGNED** this 12th day of December, 2008.

_Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. _Douglass v. United Servs. Auto Ass'n_, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (_en banc_).

_Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE